IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALISA LYSYJ,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 1:26-cv-2451<br><br>DISTRICT JUDGE BRIDGET MEEHAN BRENNAN<br><br>MAGISTRATE JUDGE JAMES E. GRIMES JR.<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Alisa Lysyj brings this pro se action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration. Doc. 1. Also pending before this Court is Lysyj's motion for leave to file a civil action out of time. Doc. 2. The Court, which has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c), referred this matter to a Magistrate Judge under Local Rule 72.2(b)(1) for the preparation of a Report and Recommendation. For the reasons stated below, I deny Lysyj's motion for leave and recommend that the District Court dismiss this matter sua sponte.

**Background**

On September 18, 2026, Lysyj filed a complaint seeking judicial review of the Appeals Council's decision dated January 14, 2025. Doc. 1. Appended to her complaint is January 14, 2025 notice issued by the Social Security Administration Appeals Council. Doc. 1-2. The notice informed Lysyj that the Appeals Council had declined to review a decision issued by an Administrative

Law Judge (ALJ). *Id.* at 2. With her complaint, Lysyj filed a motion for leave to file civil action out of time, asking that the Court accept her belated complaint under the doctrine of equitable tolling. Doc. 2. The Court ordered the Commissioner to respond by October 16, 2026, Non-Document Order (10/2/2026), but the Commissioner has not responded.

In her motion for leave, Lysyj alleges the following facts. On January 14, 2025, the Appeals Council entered a notice denying Lysyj's request for review of an ALJ's decision. *See* Doc. 1-2, at 2; Doc. 2, at 2. Immediately thereafter, however, Lysyj fell ill, was hospitalized, and requested an extension of the time to seek judicial review. Doc. 2, at 2. The Appeals Council granted her an "administrative 30[-]day extension of time dated April 3, 2025." Doc. 2, at 2. Lysyj, however, filed no civil action by that deadline. Doc. 2, at 3.

Months later, on August 30, 2025, Lysyj wrote a letter to the Appeals Council, explaining that she had "not able to file on time for the Federal Court hearing" due to various health issues, and requesting "extra time to obtain an attorney." Doc. 1-4, at 9–10. Almost a year passed, and on July 23, 2026, Lysyi learned from the Social Security Administration that "her case file remained with the Appeals Council." Doc. 2, at 3. The following day, Lysyj called the Social Security Administration and left a voice message "detailing her intent to file a subsequent application." Doc. 2, at 4. As noted, she then filed this suit in September 2026. Doc. 1.

**Discussion**

Lysyj requests that the Court grant her "leave to file [a] civil action out of time pursuant to the doctrine of equitable tolling." Doc. 2, at 1. Under the Social Security Act, a plaintiff must seek judicial review within 60 days from the day that the Appeals Council mails the notice of its decision, unless the Appeals Council allows additional filing time. 42 U.S.C. § 405(g). In addition, absent "a reasonable showing to the contrary," the plaintiff is presumed to have received the Appeals Council's notice five days after the date of the notice. 20 C.F.R. § 422.210(c). Here, absent the 30-day extension, Lysyj had 65 days from January 14, 2025 to file her complaint for judicial review. *See* Doc. 1-2, at 2. Sixty-five days from January 14, 2025, was March 20, 2025. Even accepting Lysyj's unsupported assertion that the Appeals Council granted Lysyj a "30[-] day extension of time dated April 3, 2025," Doc. 2, at 2, her complaint would have been due no later than May 5, 2025.

The filing deadline in a Social Security case is "not jurisdictional but a period of limitations." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (quoting *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994)). As the Supreme Court has recognized, this statute of limitation serves as "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Accordingly, courts have enforced filing deadlines in social security cases. *See Cook*, 480 F.3d at 434 (upholding

dismissal where the complaint was filed one day late); *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 48 (6th Cir. 2008) (upholding dismissal where the complaint was filed five days late). This is true even where, as here, the plaintiff is proceeding without the assistance of counsel. *See Lutz v. Comm'r of Soc. Sec.*, No. 1:25-cv-1918, 2026 WL 491019, at *3 (N.D. Ohio Feb. 23, 2026), *report and recommendation adopted*, 2026 WL 916343 (N.D. Ohio Mar. 12, 2026) (dismissing a pro se claimant's complaint that was filed one day late).

Because her complaint is untimely, Lysyj can avoid dismissal only by showing that she is entitled to equitable tolling. *Kellum*, 295 F. App'x at 49; *see Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010) ("[E]quitable tolling is [t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired.") (citation omitted). A litigant who seeks to invoke equitable tolling faces "a high hurdle … as 'federal courts sparingly bestow equitable tolling.'" *Kellum*, 295 F. App'x at 49 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)). When determining whether equitable tolling should apply, a court typically considers the following factors:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the [the opposing party]; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook*, 480 F.3d at 437.

Applying the above factors, Lysyj does not qualify for equitable tolling. Lysyj does not allege that she lacked actual or constrictive knowledge of the filing deadline. Nor does she argue that she was ever "ignorant of the legal requirement for filing [her] claim." *Id.* Indeed, the Appeals Council's notice expressly stated that Lysyj "ha[d] 60 days to file a civil action (ask for court review)" and that she would be presumed to have "received" the Appeals Council's notice "5 days after the date on it." Doc. 1-2, at 4.

Instead, Lysyj relies on her asserted diligence in pursuing her rights, emphasizing that she "actively sought and received an initial extension and continually attempted to keep the [the Appeals Council] informed via her August 30, 2025 request." Doc. 2, at 4. But this focus is unconvincing. Although Lysyj timely requested the initial extension, she did not request another extension until months *after* the initial extension expired in May 2025. *See* Doc. 1-3, at 9. Moreover, Lysyj does not explain what prevented her from filing this action until September 2026. According to her own letter to the Social Security Administration, Lysyj was "diagnosed with Acute Sinusitis [and] Acute Pharyngitis" in April 2025, but by the end of May, she had recovered and "tr[ied] to get caught up on life" until her "pneumonia symptoms started" at the end of July. Doc. 1-4, at 9–10. Similarly, the record is silent as to any illness or setback that prevented Lysyj from bringing this lawsuit from August 30, 2025, to September 18, 2026. *See* Doc. 2, at 3. The diligence factor, therefore, does not weigh in Lysyj's favor.

Lysyj also claims that the Commissioner would “suffer zero prejudice” if the Court accepts Lysyj’s untimely complaint. Doc. 2, at 4. Indeed, despite the Court’s order, the Commissioner filed no response to Lysyj’s motion for leave, thus waiving any opposition to accepting the complaint. But, even if allowing Lysyj to file her complaint a year late “would create little prejudice to the Commissioner in this particular case,” “there are millions of applicants for Social Security benefits each year, and … the lack of a clear filing deadline could create havoc in the system.” *Cook*, 480 F.3d at 437. In any event, in deciding whether equitable tolling is appropriate, absence of prejudice is significant only when other factors justify tolling. *Graham-Humphreys*, 209 F.3d at 562 n.12 (“The arguable absence of any significant prejudice to the defendant if this court were to permit the plaintiff’s filing out of rule is immaterial, because no other factor supports the plaintiff's equitable tolling posture.”). Here, Lysyj has failed to establish any other factors that would justify equitable tolling.

**Conclusion**

For all the reasons set forth above, I deny Lysyj’s motion for leave, Doc. 2, and recommend that the District Court sua sponte dismiss Lysyj’s complaint as untimely, Doc. 1.

Dated: October 22, 2026

*/s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).